UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DERRICK MAURICE WOODS,<br><br>Plaintiff,<br><br>v.<br><br>ETHAN PASTERNAK, et al.,<br><br>Defendants. | CAUSE NO. 1:25-CV-576-JD-SJF |

OPINION AND ORDER

Derrick Maurice Woods, a prisoner without counsel, filed an amended complaint under 42 U.S.C. § 1983. (ECF 14.) Pursuant to 28 U.S.C. § 1915A, the court must screen this pleading and dismiss it if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Woods is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Woods is currently serving a sentence for resisting law enforcement and domestic battery after a previous conviction for battery or strangulation.[1] *Woods v. State*, No. 20D01-2403-F5-00070 (Elkhart Sup. Ct. closed Nov. 26, 2024). His claims stem from events related to his arrest for these offenses. He claims that around 10:30 p.m. on March 2, 2024, he and his wife had a "verbal disagreement," causing her to call 911. His children were present in the home at the time. Elkhart Police Officers Ethan Pasternak and Adam Jackson responded to the 911 call. Woods acknowledges that the officers knew him from prior police contact, including a prior criminal case in which he was convicted of battery with bodily injury to a public safety officer. He claims the officers asked his wife if the two had been fighting, and she allegedly responded "no," although he acknowledges that his wife asked the officers to escort him out of the home "to cool off." He claims he was in the "back of the residence" at the time, and the officers allegedly entered his home without his permission and asked him to come to the front door area. He claims he complied, but he then "grew weary of this . . . inconvenience" and decided to walk away from the officers to the back of the house. The officers commanded him to stop and when he did not, they "grappled" him by the arm, threw him into a wall, and began "dropping themselves on top of [him]." He was then handcuffed and placed under arrest. He claims that at no time was he "resisting or trying to flee" or doing anything else to warrant the use of force. Based on these events,

---

[1] The court is permitted to take judicial notice of public records at the pleading stage. *See* FED. R. EVID. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647 (7th Cir. 2018).

he sues the two officers and their employer, the City of Elkhart, seeking $1 million in damages and other relief.

Woods cannot seek to have his criminal conviction overturned in a civil lawsuit. *See Preiser v. Rodriguez*, 411 U.S. 475, 488 (1973) (habeas corpus is the exclusive civil remedy for a state prisoner seeking to challenge the fact or duration of his custody, and such relief cannot be pursued under 42 U.S.C. § 1983). He also cannot pursue a claim for damages in this civil suit based on a theory that his outstanding conviction is false or invalid. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *see also Hoard v. Reddy*, 175 F.3d 531, 532–33 (7th Cir. 1999) (holding that *Heck* "forbids a convicted person to seek damages on any theory that implies that his conviction was invalid without first getting the conviction set aside"). A civil claim that necessarily implies the invalidity of an outstanding criminal conviction "must be dismissed without prejudice, because *Heck* holds that the claim does not accrue until the conviction has been set aside." *Johnson v. Rogers*, 944 F.3d 966, 968 (7th Cir. 2019). Any claim within the amended complaint asserting that Woods did not batter his wife falls into this category.

Excessive force claims are not always inconsistent with an outstanding conviction. *See id*. Here, however, Woods was convicted of resisting law enforcement, and he claims that he was not resisting the officers or otherwise doing anything to warrant the use of force. In effect, he asserts that police attacked an innocent man; notably, this assertion conflicts with his acknowledgement in the amended complaint that he disobeyed the officers' orders to remain in the front door area. It is also incompatible with his outstanding conviction, in which he was found guilty of

"knowingly [or] intentionally forcibly resist[ing]/obstruct[ing]" the officers. *See Woods*, No. 20D01-2403-F5-00070. This claim must be dismissed without prejudice pursuant to *Heck*.[2] *Johnson*, 944 F.3d at 968 (*Heck* bars excessive force claim where the plaintiff contends, in effect, "that the police attacked an innocent bystander"); *Tolliver v. City of Chicago*, 820 F.3d 237, 244 (7th Cir. 2016) (excessive force claim was barred by *Heck* because "if the incident unfolded as [the plaintiff] alleges in his civil suit, then he could not have been guilty of aggravated battery of a peace officer because the officer shot him without provocation").

Claims of false arrest are also not always barred by *Heck*: "[A]n arrest without probable cause violates the fourth amendment but does not imply the invalidity of a conviction, because courts do not 'suppress the body' of the accused." *Evans v. Poskon*, 603 F.3d 362, 365 (7th Cir. 2010). "Probable cause exists to arrest a suspect if at the time of arrest the facts and circumstances within the arresting officer's knowledge and of which he has reasonably trustworthy information would warrant a prudent person in believing that the suspect had committed or was committing an offense." *Dollard v. Whisenand*, 946 F.3d 342, 353–54 (7th Cir. 2019) (citation omitted). The existence of probable cause negates a claim of false arrest. *Id.*

---

[2] He mentions in passing that he is black and his wife and the officers are white, but to the extent he is trying to assert that the officers were motivated by racial animus in using force and arresting him, this claim would also be barred by *Heck*. *See, e.g., Thompson v. Winter*, No. 24-CV-451-WMC, 2024 WL 4605407, at *1 (W.D. Wis. Oct. 29, 2024) (claim that defendants treated plaintiff harshly because of racial animus was barred by *Heck* due to his outstanding conviction). Such a claim could become cognizable if his conviction is later set aside, but at this stage it must be dismissed without prejudice.

Here, Woods cannot dispute that he battered his wife or that he resisted the officers, which negates any false arrest claim. The allegations in the amended complaint, along with public records, reflect that Woods' wife called 911 late in the evening after they had a "disagreement," and when the officers arrived, she asked the officers to escort Woods out of their home, in which children were present. It is evident from his allegations that the officers were aware he had a history of violent conduct,[3] and he admits that he walked away from the officers when they were trying to get him to leave the home. Such information would warrant a prudent person in the officers' position to believe Woods had committed domestic battery and/or was resisting law enforcement. *Id.* at 354; *see also Brogsdale v. Torres-Corona*, No. 25-1018, 2026 WL 49569, at *3 (7th Cir. Jan. 7, 2026) (dismissal at pleading stage was proper where false arrest claim was not plausible based on plaintiff's allegations).

To the extent he is challenging the officers' warrantless entry into his home, they would not need a warrant if his wife gave either express or implied consent to their entry. *United States v. Sabo*, 724 F.3d 891, 893 (7th Cir. 2013). Even if she did not consent, the officers were allowed to enter if "the exigencies of the situation create[d] a compelling law enforcement need." *Lange v. California*, 594 U.S. 295, 298 (2021). This

[3] Woods acknowledges the officers were familiar with him from prior dealings. Public records reflect that Woods has multiple prior convictions for domestic battery and resisting law enforcement, and that he was on probation for a domestic battery offense at the time of this incident. *See, e.g.*, *Woods v. State*, No. 20D01-2108-F5-000180 (Elkhart Sup. Ct. closed Feb. 14, 2022) (domestic battery); *Woods v. State*, No. 20D01-1809-F5-000280 (Elkhart Sup. Ct. closed Apr. 29, 2019) (battery with bodily injury to a public safety officer); *Woods v. State*, No. 20D01-1607-F6-000799 (Elkhart Sup. Ct. closed Dec. 12, 2016) (domestic battery); *Woods v. State*, No. 20D01-1501-CM-000179 (Elkhart Sup. Ct. closed Apr. 6, 2015) (resisting law enforcement); *Woods v. State*, No. 20D01-1501-F6-00041 (Elkhart Sup. Ct. closed Apr. 6, 2015) (domestic battery); *Woods v. State*, No. 20D01-1302-FD-000178 (Elkhart Sup. Ct. closed Sept. 3, 2013) (domestic battery); *Woods v. State*, No. 20H01-0904-CM-006256 (Elkhart City Ct. closed Mar. 14, 2011) (fighting).

standard is satisfied here. Woods' allegations and public records reflect that he had just battered his wife, precipitating her to make an emergency call to police; he had a history of violent conduct known to the officers, and he was refusing to cooperate by remaining in the area of the front door while they attempted to escort him away from his wife. He has not stated a plausible claim on this ground.

He also sues the City of Elkhart because it employed the officers involved, but there is no general *respondeat superior* liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). He may be trying to sue the City under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), but a municipality may be held liable under *Monell* only if the unconstitutional acts of their employees "were carried out pursuant to an official custom or policy." *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008) (citations omitted). The purpose of this requirement is to "distinguish between the isolated wrongdoing of one or a few rogue employees and other, more widespread practices." *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 654 (7th Cir. 2021). Thus, to allege a plausible *Monell* claim, the plaintiff must identify an official municipal policy that caused him injury. *Grieveson*, 538 F.3d at 771. Alternatively, a plaintiff pursuing an official custom theory "must allege facts that permit the reasonable inference that the practice is so widespread so as to constitute a governmental custom." *Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017).

Woods does not satisfy these standards. First, *Monell* requires an underlying constitutional violation by a municipal employee, and at present Woods has not plausibly alleged one. *See Petty v. City of Chicago*, 754 F.3d 416, 424–25 (7th Cir. 2014).

Second, it cannot be discerned from his complaint what the unlawful policy was that allegedly caused him injury. He appears to state there was a custom or practice of using excessive force by Elkhart police officers, but as previously explained, an assertion that the officers used excessive force against Woods is barred by *Heck* due to his outstanding conviction.

Therefore, the amended complaint does not state a claim upon which relief can be granted. "Leave to amend is to be 'freely given when justice so requires.'" *Liu v. T&H Machine*, 191 F.3d 790, 794 (7th Cir. 1999) (citations omitted); *see also Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1024-25 (7th Cir. 2013). However, "that does not mean it must always be given." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). "[C]ourts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Id.* (citation omitted).

Woods already amended his complaint once. (ECF 1, 14.) The claims in his amended complaint are barred by *Heck* and/or not plausible under federal standards. "The favorable-termination rule [in *Heck*] is more than a procedural hurdle that plaintiffs can skirt with artful complaint drafting . . . . Rather, it is grounded in substantive concerns about allowing conflicting judgments." *Morgan v. Schott*, 914 F.3d 1115, 1122 (7th Cir. 2019). The court finds no basis to conclude that if given another opportunity, he is likely to assert a viable constitutional claim, consistent with public records and what he has already alleged under penalty of perjury. Therefore, it would be futile to permit him to amend again.

For these reasons, the court DISMISSES this action pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted, and DISMISSES WITHOUT PREJUDICE all claims in the amended complaint that are incompatible with the plaintiff's outstanding conviction. The court DIRECTS the clerk to close the case.

SO ORDERED on October 9, 2026

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT